UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN DAKISHA JACKSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MKRP LLC et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-00973-LK<br><br>ORDER GRANTING MOTION TO DISMISS AND ORDERING DEFENDANTS TO SUBMIT CITED AUTHORITY |

    This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. No. 24. Pro se Plaintiff Dawn Dakisha Jackson has not filed a response. For the reasons discussed below, the Court grants the motion and dismisses the complaint.

**I. BACKGROUND**

    Ms. Jackson filed a complaint on May 22, 2025 against Defendants MKRP, LLC, a "[p]roperty management company" and Ms. Jackson's landlord; Yuriy Kosmin, MKRP's "[g]overnor and managing agent"; and Artur Nadoyan and Nadezhda Nadoyan, who Ms. Jackson asserts are "[c]o-owner[s] of the subject property," namely, the "rental residence leased by Plaintiff from MKRP LLC" in Auburn, Washington (the "Rental Property"). Dkt. No. 1 at 2, 4. Ms. Jackson

avers that she entered into a residential lease with MKRP in April 2024. *Id.* at 8; Dkt. No. 1-1 at 1.

Ms. Jackson brings a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in addition to a number of Washington state law and common law claims. Dkt. No. 1 at 7–9. She states that these claims arise from Defendants' efforts "to collect residential rent through deceptive, unfair, retaliatory, and harmful practices, including attempting to collect a debt not legally owed while [she] resided in a rental unit rendered uninhabitable due to hazardous water contamination." *Id.* at 7. Specifically, Ms. Jackson asserts that during her tenancy at the Rental Property, she was exposed to contaminated water, and after "formally notic[ing] the landlord of these issues" and requesting "rent waiver and relocation assistance," she "was served with a 14-day pay or vacate notice in retaliation." *Id.* at 5, 8. Despite "the debt being formally disputed," Ms. Jackson states that Defendants have "failed to verify" it, and have made efforts to collect on it "through public posting and coercive notice." *Id.* at 8.

October 7, 2025 Defendants filed a motion to dismiss Ms. Jackson's complaint. Dkt. No. 24 at 1. Ms. Jackson did not file a response.

## II.  DISCUSSION

**A.    Legal Standard**

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) the parties have diverse citizenship (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The

ORDER GRANTING MOTION TO DISMISS AND ORDERING DEFENDANTS TO SUBMIT CITED AUTHORITY - 2

Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

**B.      Ms. Jackson Does Not Plausibly Allege Subject Matter Jurisdiction or State a Claim**

Defendants argue that Ms. Jackson fails to state an FDCPA claim, and absent a federal cause of action, this Court lacks subject matter jurisdiction over this case. Dkt. No. 24 at 5–12. Under Local Rule 7(b)(2), Ms. Jackson's failure to respond to Defendants' motion is considered by the Court "as an admission that the motion has merit." LCR 7(b)(2).

Ms. Jackson asserts only federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on her FDCPA claim. Dkt. No. 1 at 3, 7.[1] To state a claim under the FDCPA, a plaintiff must allege that: (1) the defendant is a "debt collector," (2) the plaintiff is a consumer with a debt covered by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). A "debt collector" is defined under the statute as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, as Defendants point out, Dkt. No. 24 at 6,[2] the definition expressly *excludes* "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person [or] was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Thus, creditors to whom a debt is originally owed are not "debt collectors" under the FDCPA when they

---

[1] It seems that diversity jurisdiction does not exist, as at least some Defendants appear to be citizens of Washington. *Id.* at 2.

[2] The Court could not locate numerous cases to which Defendants cite in their brief. It accordingly orders them to submit copies of these cases, as described below.

ORDER GRANTING MOTION TO DISMISS AND ORDERING DEFENDANTS TO SUBMIT CITED AUTHORITY - 3

collect on their own behalf. *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 779 n.1 (9th Cir. 2017). And property managers and landlords collecting rent in the general course of business are not debt collectors under the FDCPA, either. *See Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 370 (6th Cir. 2020) ("Because [the property management company] is an original creditor—the entity to which Plaintiffs originally owed the debt—it cannot be liable under the FDCPA."); *Yatooma v. OP Prop. Mgmt. LP*, No. 2:17-CV-02645 ODW (SSX), 2017 WL 3120259, at *2 (C.D. Cal. July 20, 2017) (holding that property owner and property manager did not "fall[] within the FDCPA's narrow definition of 'debt collector,'" as their "primary function . . . is property management—not debt collection," and noting that "[t]he fact that property owners/managers collect rent from tenants, and in some instances past due rent, as part of their broader duties does not make them 'debt collectors'"); *Whitfield v. Sandoval*, No. 1:06–cv–01047–AWI–SMS, 2007 WL 4239862, at *1 (E.D. Cal. Nov. 29, 2007) (concluding that landlords are not in the "primary business" of collecting debts).

    Here, Ms. Jackson has not alleged (and it does not appear that she could truthfully allege) that Defendants—the property management company, its agents, and the co-owners of the property—are "debt collectors" under the FDCPA, because based on the information contained in her pleadings, Defendants are either "creditor[s] collecting debts on their own behalf," *Afewerki*, 868 F.3d at 779 n.1, or "person[s] collecting or attempting to collect any debt owed or due or asserted to be owed or due another . . . concern[ing] a debt which was originated by such person[s]," 15 U.S.C. § 1692a(6); *Yatooma*, 2017 WL 3120259, at *2. *See generally* Dkt. No. 1. Consequently, Ms. Jackson fails to state a claim under the FDCPA. Furthermore, federal claims like Ms. Jackson's FDCPA claim that are "wholly insubstantial" are insufficient to "raise a substantial federal question for jurisdictional purposes," and "[a]bsent a substantial federal question," a district court lacks subject matter jurisdiction. *Shapiro v. McManus*, 577 U.S. 39, 44–

45 (2015) (citation modified); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Accordingly, the Court must dismiss Ms. Jackson's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because it is not "absolutely clear" that amendment could not cure the absence of jurisdiction, *id.*, the Court grants Ms. Jackson leave to amend. However, this Order limits Ms. Jackson to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order; she may not reallege her dismissed FDCPA claim against any persons who do not qualify as "debt collectors" under the statute. The filing of an amended complaint operates as a complete substitute to all prior complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading"). For that reason, if Ms. Jackson chooses to file an amended complaint, she must clearly identify the basis for this Court's subject matter jurisdiction, the defendant(s), the claim(s) asserted, the specific facts she believes support the claim(s), and the specific relief requested.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 24, and dismisses the complaint with leave to amend as set forth above. If Ms. Jackson does not file an amended complaint by December 3, 2025, the Court will close this case.

Defendants' procedurally improper request for leave to seek attorneys' fees and costs pursuant to their lease agreement with Ms. Jackson, Dkt. No. 24 at 13, is DENIED.

Pursuant to Federal Rule of Civil Procedure 11 and Local Civil Rule 83.3, the Court ORDERS Defendants to file a notice on the docket with copies of the following authorities cited

in their brief, Dkt. No. 24 at 6, by December 19, 2025: *Birkholm v. Washington Mut. Bank*, No. C09- 1211-JCC, 2010 WL 1854422 (W.D. Wash. May 6, 2010); *Huffman v. Bank of Am.*, N.A., No. C13-1857JLR, 2014 WL 1671491 (W.D. Wash. Apr. 28, 2014); *Dews v. TD Ameritrade, Inc.*, No. C22-0413JLR, 2023 WL 2613373 (W.D. Wash. Mar. 23, 2023); *Rowe v. Phoenix Recovery Grp., Inc.*, No. C12-1326RSL, 2012 WL 5387575 (W.D. Wash. Nov. 2, 2012); and *Scott v. Kelso, LLC*, No. C12-0976-RSM, 2012 WL 6040094 (W.D. Wash. Dec. 4, 2012). If Defendants fail to do so, the Court may take further action under Rules 11 and/or 83.3.

Dated this 12th day of November, 2025.

Lauren King
United States District Judge